UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD T. KELMAN,

    Plaintiff,

v.                                            Hon. Hala Y. Jarbou

KENTWOOD POLICE                    Case No. 1:24-cv-363
DEPARTMENT, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff filed his complaint in this matter on April 8, 2024, against Defendants Kentwood Police Department (KPD) and the City of Kentwood. Although Plaintiff does not mention 42 U.S.C. § 1983, I construe Plaintiff's complaint as asserting a claim pursuant to that statute of false arrest in violation of the Fourth Amendment.

Plaintiff alleges that on the morning of June 28, 2023, he called the KPD after he awoke and discovered that his truck without license plates and insurance had been stolen from the parking lot of his apartment by Heather Essenmacher. Two KPD officers arrived at the apartment and spoke to Plaintiff and Essenmacher. A third officer also arrived on the scene and spoke to Essenmacher alone behind closed doors. After concluding his interview of Essenmacher, the third officer directed the other two officers to arrest Plaintiff for strangulation and attempted sexual assault. Plaintiff was arrested and taken to the Kent County Jail, where he spent the night.

After Plaintiff was released the following morning, he returned to his apartment and discovered that an officer had stayed in his apartment with Essenmacher until after midnight. Plaintiff alleges that the officer allowed her to steal over $20,000 of his belongings. Plaintiff

alleges that the criminal case against him was dismissed because Essenmacher did not show up to court.

Having granted Plaintiff's motion to proceed as a pauper (ECF No. 4), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. After conducting this review, I recommend that the Court dismiss the complaint because it fails to state a claim upon which relief can be granted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint

> states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

First, regarding the KPD, this claim is subject to dismissal because a police department is not an entity capable of being sued. *See May-Shaw v. City of Grand Rapids*, No. 1:19-cv-117, 2019 WL 2265076, at *3 (W.D. Mich. May 28, 2019) ("It is well settled in Michigan that a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action.") (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997)). Thus, Plaintiff has no claim against the KPD.

Second, although the officers who responded to Plaintiff's apartment and arrested him were employed by the City of Kentwood, Plaintiff fails to adequately allege a basis to impose liability on the City under Section 1983. A local government, such as a municipality or county, "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a municipality may only be liable under Section 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-37 (2010) (citing *Monell*, 436 U.S. at 694 (1974) ). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-09. Plaintiff's claim fails at the

first step because he has not alleged or identified a policy or custom of the City that caused the constitutional violation. Thus, Plaintiff's claim against the City is also subject to dismissal.

## CONCLUSION

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint for failure to state a claim. The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: April 9, 2024                              /s/ Sally J. Berens  
                                                 SALLY J. BERENS  
                                                 U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).